J-S23014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :                 PENNSYLVANIA
                                                 :

              v.                              :
                                               :

JOSEPH D. REAVES                  :
                                             :

            Appellant           :       No. 2455 EDA 2023

Appeal from the PCRA Order Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-1219021-1987

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:         **FILED OCTOBER 17, 2024**

Appellant, Joseph D. Reaves, appeals *pro se* from the August 25, 2023, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts of the case are not at issue here.  Briefly, on April 4, 1988, Appellant pled guilty to rape, involuntary deviate sexual intercourse, aggravated assault, simple assault, kidnapping, and robbery.  On July 28, 1988, the trial court sentenced Appellant to an aggregate term of 22½ to 90 years' incarceration.  Appellant did not file a petition to withdraw his guilty plea or file a direct appeal from his judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed his first PCRA petition on September 10, 1991, which the lower court dismissed on July 12, 1993. Our Court affirmed the dismissal on August 11, 1994.

In 2010 and 2019, Appellant filed his second and third PCRA petitions, respectively, alleging that his post-traumatic stress disorder diagnosis constituted newly discovered evidence. Each of these petitions were dismissed as untimely.

In 2019, Appellant filed a separate civil federal case alleging that he was entitled to disability payments from the U.S. Army. The district court dismissed the case as untimely. The court of appeals agreed with Appellant, reversing the dismissal and remanding to the district court for further proceedings. *See Reaves v. United States*, 2022 WL 412740 (Fed. Cir. 2022).

On October 18, 2022, Appellant filed a document titled "Defendant Submit Newly Discovered Evidence to the Administrative Record." In it, Appellant argued that the August 8, 2022 decision of the Department of Veterans Benefits Administration (which, for benefit purposes, fully recognized "service connection" for Appellant's post-traumatic stress disorder) constituted a newly discovered fact.

The PCRA court treated it as a PCRA petition and issued a notice pursuant to Pa.R.Crim.P. 907 alerting Appellant that it was its intent to dismiss his petition for failing to present a claim cognizable under the PCRA. *See* PCRA Court Order, 7/14/23.

On August 25, 2023, the PCRA Court dismissed Appellant's PCRA petition "for failure to present a cognizable claim/due to lack of standing". **See** PCRA Court Order, 8/25/23. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the underlying petition is facially untimely.[1] The only matter to be considered is whether Appellant met the requirements of the newly discovered fact exception.[2] He has not.

Appellant's goal is the dismissal of all charges against him on the basis that he is not culpable for his criminal conduct based on insanity and/or intoxication. To this end, Appellant articulated a multi-step plan, which he summarized as follows:

> A SHORT CONCLUSION OF STATING THE PRECISE RELIEF SOUGHT.
>
> Remand with instruction to stay processing to the conclusion of the Court of Federal Claims disposition and decision after Remand of August 31, 2023 to the Army Board Correction of Military Records. Remand with instruction to hold hearing: evidentiary and grant Motion to Appoint Counsel to include expert witness, allow Appellant to withdrawal guilty plea. Order new trial to proceed under affirmative defenses, title 18 P.S. § 315 [*i.e.*, 18 Pa.C.S.A. § 315 relating to insanity]; 18 P.S. § 308 [*i.e.*, 18 Pa.C.S.A. § 308 relating to intoxication or drugged condition] Pennsylvania's Statute of Culpability. Order Competency determination with Appellant expert witness and appointed counsel and then instruct the Appellant case to be dismiss with prejudice due to the violation of MHPA of 1976 402(e)

---

[1] The record reflects Appellant's judgment of sentence became final on August 29, 1988, thirty days after the expiration of the thirty-day period available for filing an appeal. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year from August 29, 1988, to file a timely PCRA petition. His present petition, which was filed in 2022, is therefore facially untimely.

[2] The newly discovered fact exception, set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii), "requires a petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1270–72 (Pa. 2007).

incompetency of the defendant that exceeds the ten years or less statute under Com. v. Smith.

Appellant's Brief at 15-16 (verbatim).

Consistent with his plan, in the instant proceedings, Appellant is attempting to undue the guilty plea based on lack of "competency."[3] To show that he was not competent, Appellant relies on some federal proceedings dealing with disability retirement payments owed to Appellant. *See Reaves v. United States*, *supra*; *see also* August 8, 2022 decision of the Department of Veterans Benefits Administration, *supra*. Appellant believes that these federal decisions provide new evidence supporting his claim that he was incompetent at the time he committed the offenses. Appellant also notes that under *Commonwealth v. Santiago*, 855 A.2d 682 (Pa. 2004), he is entitled to a retroactive determination of his competency. We disagree.

To the extent that Appellant is arguing that the federal circuit decision qualifies as a newly discovered fact, it is well established that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly discovered fact exception codified in the PCRA. *See, e.g., Commonwealth v. Watts*, 23 A.3d 980, 983-87 (Pa. 2011).

To the extent that Appellant's argument can be construed as claiming that the decision of the Department of Veterans Affairs qualifies as a newly discovered fact, we note that "[t]he focus of the exception is on [the] newly

---

[3] A review of his appellate brief as well as other filings related to the instant appeal reveals that Appellant is often conflating (or using interchangeably) competency and culpability.

discovered *facts*, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation omitted) (emphasis in the original). Here, the facts giving rise to the underlying petition had been known to petitioner since, at the very least, 1988. **See** Appellant's Brief, at 9.[4] Those facts, therefore, were previously known to him. As such, Appellant cannot rely on the newly discovered fact exception to overcome the facial untimeliness of the underlying petition.[5]

Furthermore, that Appellant "discovered yet another conduit for the same claim . . . does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." **Marshall**, 947 A.2d at 720. Thus, neither the federal court decision nor his mental/medical conditions qualify as newly discovered facts.

_____

[4] Elsewhere in the brief, it appears that Appellant acknowledges that he was aware of his conditions as far as 1982. **See**, *e.g.*, "Appellant alleges that he was incompetent from 1982 until 2022". Appellant's Brief at 7; "Appellant complained of psychiatric symptom . . . in 1983." **Id.**

[5] In connection with Appellant's previous appeal, Appellant argued that the "PCRA [court] erred by rejecting newly discovered evidence of military induced Post-traumatic Stress Disorder (PTSD), the same diagnosis available in 1988, yet the Court rush [sic] to sentence." **Commonwealth v. Reaves**, No. 433 EDA 2014, unpublished memorandum at *4 (Pa. Super. filed December 23, 2014) (quoting Appellant's Brief at 7) (emphasis added). We rejected the claim, noting that Appellant's "diagnosis of PTSD cannot be deemed newly discovered because the diagnosis was available in 1988 at the time of sentencing. Additionally, at sentencing, counsel brought to the court's attention [Appellant]'s emotional problems while in the Army." **Id.** (internal citations omitted).

- 6 -

To the extent that Appellant relies on **Santiago**, such reliance is misplaced. While at times confusing, the thrust of Appellant's argument appears to be that he suffered from mental issues affecting his cognitive functions at the time of the offenses. Because **Santiago** deals with competency at the time of trial, and not mental health at the time the offenses were committed, **see Santiago**, 855 A.2d at 692-94, reliance on **Santiago** is misplaced. **See also Commonwealth v. Avery**, 2022 WL 1073821, unpublished memorandum at *7 (Pa. Super. filed April 11, 2022).

Finally, Appellant argues that his case should be dismissed for an alleged violation of Section 7402 of the Mental Health Procedures Act (relating to incompetence to proceed on criminal charges), as required under **Commonwealth v. Smith**, 615 A.2d 321 (Pa. 1992). No relief is due.

First, Section 7402 pertains to incompetency to stand trial. **See** 50 P.S. § 7402.[6] Instantly, as noted above, the thrust of Appellant's argument is that he suffered from mental issues at the time of the crimes that affected his culpability. As such, reliance on Section 7402 is misplaced.

---

[6] Section 7402 defines competency as follows:

> Whenever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense, he shall be deemed incompetent to be tried, convicted or sentenced so long as such incapacity continues.

50 P.S. § 7402(a).

- 7 -

Second, Appellant fails to explain how **Smith** is relevant here. In fact, **Smith** deals with prosecutorial misconduct, which is not the case here. As such, reliance on **Smith** is misplaced.

To the extent that Appellant argues that the Commonwealth engaged in some sort of prosecutorial misconduct by withholding Appellant's PTSD diagnosis, we note that the record does not support the allegation. Indeed, as noted multiple times here, Appellant's diagnosis of PTSD was known to Appellant. **See**, **e.g.**, **Reaves**, No. 433 EDA 2014, supra *4. Because Appellant knew about his own diagnosis, the Commonwealth cannot be deemed to have engaged in prosecutorial misconduct by withholding it. **See**, **e.g.**, **Commonwealth v. Cardona**, 2020 WL 2554261 at *5, unpublished memorandum (Pa. Super. filed May 20, 2020) ("As Appellant fails to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution," no relief is due under [**Brady v. Maryland**, 373 U.S. 83 (1963)]" (citing **Commonwealth v. Ovalles**, 144 A.3d 957, 965 (Pa. Super. 2016)).

In light of the foregoing, we affirm the August 25, 2023, order of the PCRA Court dismissing Appellant's underlying petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/17/2024